UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SPACEAGE CONSULTING CORP., | : |
| Plaintiff, | : Civil Action No. 19-12676 (SRC) |
| v. | : OPINION |
| MERYL BERNSTEIN and LOGIC CORP., | : |
| Defendants. | : |

**CHESLER**, District Judge

This matter comes before the Court upon the filing by Plaintiff, SpaceAge Consulting Corporation ("SpaceAge" or "Plaintiff"), on a motion for default judgment. Defendants, Meryl Bernstein and Logic Corporation (collectively, "Defendants"), did not file opposition. The Court has reviewed the parties' submissions and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b). For the reasons that follow, the Court will grant Plaintiff's motion for default judgment against Meryl Bernstein and will deny Plaintiff's motion for default judgment against Logic Corporation.

**I.  BACKGROUND**

This is a civil action wherein Plaintiff seeks the entry of default judgment against Defendants for breach of a settlement agreement. The Complaint and the record before the Court, which includes the parties' 2016 settlement agreement, provide the following pertinent facts:

SpaceAge is a company incorporated in New Jersey with its principal place of business located in Jersey City, New Jersey. Defendant Logic Corporation ("Logic" or "Logic Corp.") is a

1

Florida corporation with its principal place of business located in Nyack, New York. Defendant Bernstein is a resident of Florida.

Several years ago, Logic contracted with SpaceAge, a computer programming services company, and agreed to provide Logic with computer programmer consultants. SpaceAge began providing programmers to Logic in 2010, and as of 2015, two SpaceAge employees were working for one of Logic's "end-clients." (Compl., ¶ 7.) Each month, SpaceAge sent Logic an invoice for those hours worked by SpaceAge programmers. In January 2015, Logic stopped paying SpaceAge for the work completed by SpaceAge programmers despite the fact that the end-client continued to pay Logic for this work. Because of this, SpaceAge filed a Complaint against Logic in the United States District Court for the District of New Jersey. The Complaint, filed in 2015, sought damages for breach of contract.[1]

The parties settled the matter in February 2016. Under the terms of the settlement, Logic agreed to pay SpaceAge $150,000 plus interest, and Defendant Bernstein agreed to personally guarantee $75,000 of the $150,000 payment. The settlement agreement further stipulated that Logic would make an initial payment of $25,000 followed by twenty-four (24) monthly payments of approximately $5,400 to pay off the remaining $125,000. The agreement further provided that if Logic missed a payment, final judgment for the full outstanding amount would be entered. After the agreement was finalized, the Court issued an Order of Dismissal and "retain[ed] jurisdiction over the settlement agreement to enforce its terms." (Order of Dismissal, Civ. Act. No. 15-03413 [ECF 27].)

According to the subject Complaint, Logic made several payments to SpaceAge but stopped making payments in 2016. Thereafter, SpaceAge filed a motion in this Court to enforce

---

[1] The 2015 Complaint was filed in Civil Action No. 2:15-cv-03413.

the Settlement Agreement. On May 31, 2018, this Court entered an Order enforcing the settlement agreement and entered Judgment against Logic Corp. in the amount of $103,624.21, in Civil Action No. 2:15-cv-03413.[2]

The subject Complaint claims that Logic Corp. and Meryl Bernstein have breached the settlement agreement. The Complaint asserts that Logic Corp. owes SpaceAge at least $108,934.52, which accounts for the amount that the parties settled on as well as interest on that payment, which continues to accrue, and asserts that Defendant Bernstein owes $75,000. The Complaint also brings a claim against Defendant Bernstein for fraud/fraudulent transfer.

Plaintiff filed a motion for default judgment on November 8, 2019. Plaintiff moves for judgment to be entered against both Logic Corp. and Meryl Bernstein. Specifically, Plaintiff requests that judgment be entered against Meryl Bernstein for $75,400.[3] The docket shows that, on or about May 28, 2019, Meryl Bernstein signed the waiver of the service of summons on behalf of herself and Logic Corp. The executed waiver of service was filed on May 30, 2019. Defendants failed to answer or otherwise respond to the Complaint. Upon Plaintiff's request, The Clerk of Court entered default against Defendants pursuant to Federal Rule of Civil Procedure 55(a) on August 13, 2019.

## II.   LEGAL STANDARD

Fed. R. Civ. P. 55(b)(2) authorizes the entry of a default judgment against a party that has defaulted. A consequence of the entry of a default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane,

---

[2] It should be noted that Meryl Bernstein was not a named Defendant in Civil Action No. 2:15-cv-3413 and judgment was entered against Logic Corp. only.
[3] This Court previously entered judgment against Logic Corp. for breach of settlement.

Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)). Even so, before entering default judgment, the Court must first determine whether the unchallenged facts constitute a legitimate cause of action. Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008). Moreover, a party seeking default judgment pursuant to Rule 55(b)(2) must prove damages. Comdyne, 908 F.2d at 1149. It is well-established in the Third Circuit that "the entry of a default judgment is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

**III. DISCUSSION**

The Complaint asserts that Defendants Bernstein and Logic Corp. breached the terms of the settlement agreement. The Complaint also asserts a claim of fraud/fraudulent transfer against Defendant Bernstein. The subject motion for default judgment requests the entry of judgment against Meryl Bernstein for $75,000 for breach of contract, and $400 for associated fees. Plaintiff also requests that this Court enter judgment against Logic Corp.

The facts in the record show that Meryl Bernstein signed a settlement agreement on February 24, 2016 wherein she agreed "in her own personal capacity to guarantee and be responsible for $75,000 of the debt she owed to SpaceAge." (Settlement Agreement, Feb. 24, 2016.) The agreement further stipulated that the entire balance for which the parties settled would be "due automatically should Logic default on the payments . . . ." (Id.)

The facts asserted in the Complaint show that in 2016, after entering into the settlement agreement, Logic Corp. failed to submit monthly payments to SpaceAge. By virtue of their default, per the settlement agreement, the entire balance became due. The Complaint asserts, and the settlement agreement confirms, that Meryl Bernstein is personally responsible for $75,000 of the outstanding debt.

It appears that Meryl Bernstein has failed to pay SpaceAge any of the $75,000 for which she is responsible. Accordingly, the Court finds that Defendant Bernstein has breached the terms of the settlement agreement. Thus, the Court will grant Plaintiff's motion for default judgment and enter judgment against Defendant Bernstein in the amount of $75,000. This is the amount of the debt for which Bernstein is responsible, per the settlement agreement. The Court will not enter judgment against Bernstein for Plaintiff's unspecified costs.

In light of this Court's May 31, 2018 Order and Judgment against Logic Corp. wherein the Court enforced the settlement agreement and entered judgment against Logic Corp. in the amount of $103,624.21, the Court will deny Plaintiff's request for an additional judgment against Logic Corp.

**IV. CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff's motion for default judgment against Meryl Bernstein and will deny Plaintiff's motion for default judgment against Logic Corp. An appropriate Order will be filed.

                                                         s/ Stanley R. Chesler
                                                   STANLEY R. CHESLER
                                               United States District Judge

Dated: March 16, 2020